IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-122 |
| | ) | (PHILLIPS/SHIRLEY) |
| CHRISTOPHER MUCKLE | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 16, 2007, on Defendant Christopher Muckle's Motion to Continue [Doc. 20], filed November 13, 2007. Assistant United States Attorney Brownlow Marsh appeared on behalf of the government. Attorney Paula Voss was present on behalf of the Defendant, who was also present. The government did not oppose Defendant's motion.

At the hearing, Attorney Voss stated that the need for disposition of the several pending pretrial motions, including the Motion to Suppress [Doc. 17-2] necessitates a continuance in this case. Attorney Voss expressed that obtaining a ruling on the suppression issues is in Defendant's best interest and confirmed that she has discussed this matter with Defendant Christopher Muckle. The Defendant stated that he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to obtain a ruling on his motion to suppress

evidence prior to trial. Defendant Muckle also stated that understood that he will remain in jail pending his new trial date.

Attorney Voss, on behalf of Defendant Muckle, stated that she believes all the time between the date of hearing, November 16, 2007, and the new trial date is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to resolve these important issues of evidence suppression outweigh the interest of the Defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Marsh agreed that the time between the date of the hearing, November 16, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of Defendant and the public in a speedy trial.

Given the approaching November 27, 2007 trial date, the Court finds that the failure to grant a continuance would deprive Defendant of the time to pursue his suppression motion, which has yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a suppression hearing on Defendant's Motion to Suppress [Doc. 17-2] on November 28, 2007 at 1:30 p.m. The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have 10 days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not be accomplished before the trial date of November 27, 2007. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Thus, the Court finds that the time between the date of the hearing, November 16, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of Defendant and the public in a speedy trial.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion to Continue **[Doc. 20]** is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **March 5, 2008**, **at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge;
>
> (3) All the time between the **November 16, 2007**, hearing and the new trial date of **March 5, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) A Motion Hearing will be held on Defendant Christopher Muckle's Motion to Suppress [Doc. 17-2] on **November 28, 2007 at 1:30 p.m.** before the Honorable C. Clifford Shirley, United States Magistrate Judge.

**IT IS SO ORDERED**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge