UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-122 |
| | ) | (PHILLIPS/SHIRLEY) |
| CHRISTOPHER MUCKLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate. This matter is before the Court on defendant Muckle's *pro se* Notice of

Objection. [Doc. 35] On April 4, 2008, the parties appeared before the undersigned for a hearing

on defendant Muckle's *pro se* Motion to Review Counsel. [Doc. 37] During that hearing, the Court

appointed new counsel for the defendant and set a new motion cut off date of April 18, 2008. At

that hearing the Court also directed defense counsel to review the defendant's *pro se* objections and

further directed defense counsel to file whatever objections or motions defense counsel deemed

appropriate.

Under the Local Rules of this District, "[w]henever a party has appeared by attorney, that

party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless

an order of substitution shall first have been made by the court, after notice by the party to the

1

attorney and to the opposing party." E.D.TN. LR 83.4(c).[1]  At the time of the filing of his *pro se*

objections, the defendant was represented by counsel.  Given that the defendant's newly appointed

counsel has not filed any motions or objections based upon the defendant's *pro se* objections, and

given that the *pro se* objections run afoul of the Local Rules, defendant's *pro se* objections [Doc.

35] are hereby **OVERRULED**.

Additionally, as an alternative basis for the Court's ruling, even if the Court were to consider

the substance of the *pro se* objections, the Court would still overrule the defendant's objections.  The

majority of the defendant's objections are generic statements of discontent with the proceedings

against him.  While the Court understands that the defendant disagrees with the criminal charges

against him, such disagreement, in the absence of a proper legal challenge supported by admissible

evidence, is insufficient to force the dismissal of all charges.  Certainly, the defendant is correct

when he states that an indictment is not enough to result in conviction.  The indictment in this matter

is merely a charging document, and is in no way evidence of guilt.  Rather, the defendant is

presumed innocent until such time as a jury finds otherwise, and the government will bear the

burden of proving the charges at trial.  As to the defendant's objection to his previous defense

counsel, the Court appointed new counsel for the defendant during the April  4, 2008, hearing, so

---

[1]The Court notes that, as in this case, *pro se* motions relating to a defendant's appointed
counsel are investigated by the Court to ensure that the defendant's Constitutional right to
counsel is being satisfied.  Thus, *pro se* motions relating to the quality of a defendant's legal
representation by counsel generally fall outside the Local Rule.

that objection is now moot.  Accordingly, the Court finds that even if the Court were to consider the

substance of the  defendant's improper *pro se* objections, the Court would still over overrule the

same.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge